UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TERON EDWARDS, BY HIS GUARDIAN
AD LITEM, NIKIA EDWARDS,                    1:15-cv-3637-SHS

                                Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                                Defendants.
-------------------------------------------------------X

### MOTION TO EXEMPT CASE FROM PARTICIPATION IN THE SOUTHERN DISTRICT'S PLAN FOR CERTAIN § 1983 CASES AGAINST THE CITY OF NEW YORK

**PLEASE TAKE NOTICE** that defendants The City of New York, The New York City Police Department, P.O. Mohammed Islam, Sgt. Roventi Dani, Det. Edwin Santiago, The New York City Department of Mental Health and Hygiene, and the New York City Department of Correction will move this Court before the Honorable Sidney H. Stein, United States District Judge, at the United States Courthouse for the Southern District of New York, located at 500 Pearl Street, New York, New York, pursuant to Local Civil Rule 83.10(4)(a) to exempt this case from participation in the Southern District's Plan for Certain § 1983 Cases Against the City of New York ("1983 Plan"), and for such other and further relief as the Court may find just and proper.

### THIS CASE SHOULD BE EXEMPTED FROM THE 1983 PLAN

Defendants The City of New York, The New York City Police Department, P.O. Mohammed Islam, Sgt. Roventi Dani, Det. Edwin Santiago, The New York City Department of Mental Health and Hygiene and the New York City Department of Correction respectfully move

pursuant to Local Civil Rule 83.10(4)(a) to exempt this case the 1983 Plan.  Austa Devlin of Heidell, Pittoni, Murphy & Bach, LLP, counsel for co-defendant, New York City Health & Hospitals Corp. consents to this motion, and plaintiff's counsel, Andea Borden, of Burns & Harris, counsel for plaintiff unfortunately has not gotten back to me to advise whether or not she consents to this motion.

This case was removed to this Court from the Supreme Court, Bronx County on May 11, 2015, and on the same day the case was assigned to participate in the 1983 Plan.  There are several reasons why this case does not belong in the 1983 Plan.  The 1983 Plan was intended for simple and straightforward cases against the City and/or the City's police officers alleging § 1983 claims for excessive force, false arrest or malicious prosecution.  This case is not such a case. This case involves claims against entities other than the NYPD.  In addition to the claims against the City, the NYPD and certain police officers, plaintiff is alleging claims against the City's Department of Correction, the City' Department of Mental Health and Hygiene, the New York City Health and Hospitals Corp., specifically Bellevue Hospital, and their respective employees.

Further, the 1983 Plan was intended for simple and straightforward cases where factual, discovery and evidentiary issues are not complex.  The 1983 Plan's first paragraph reflects this fact, indicating that provisions of the 1983 Plan are inapplicable to class action cases, actions brought by six or more persons or complaints requesting systemic equitable reform, all of which are complex matters involving several parties, claims, potential witnesses and related discovery issues. See Local Civil Rule 83.10.  This is not a simple, straightforward case.  The 105 page complaint in this action consists of 491 separate paragraphs and thirty two distinct causes of action.  The actual claims range from false arrest, excessive force and

malicious prosecution and related claims against NYPD officers, excessive force and deliberate indifference to medical care claims against DOC officers, and negligence and medical malpractice claims against Bellevue Hospital and its employees, as well as myriad related claims such as conspiracy, failure to intervene and various <u>Monell</u> claims.

Finally, the procedural posture of this case is also not simple and straight forward. The criminal prosecutions underlying plaintiff's arrest, prosecution and incarceration that form the basis for the claims in this action are still pending, and, as such, City defendants will be moving to stay the claims in this case, or at least the claims relating to the arrest and prosecution until the underlying criminal case has been resolved.  Based on a review of the New York State Office of Court Administration Website (WebCrims), the criminal case against plaintiff relating to January 26, 2014 arrest that underlays this action is pending in the Supreme Court, Kings County under Indictment Number 773-2014.  That criminal case is scheduled for a further conference before Judge Williams in Part 50, in the Supreme Court, Kings County on July 16, 2015.  Second, the City defendants also intend to move, pursuant to Rules 8 and 12(c) for an order dismissing many of the claims, and some of the parties, in this prolix and repetitive complaint in an effort to narrow the claims, the parties and the scope of discovery in this action.

Accordingly, City defendants respectfully request that this case be exempted from the 1983 Plan, together with such other and further relief that the Court deems appropriate and necessary.

Dated:      New York, New York
            June 5, 2015

                                    Respectfully submitted

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendants*
                                    THE CITY OF NEW YORK, THE NEW YORK
                                    CITY POLICE DEPARTMENT, P.O.
                                    MOHAMMED ISLAM, SGT. ROVENTI DANI,
                                    DET. EDWIN SANTIAGO, THE NEW YORK
                                    CITY DEPARTMENT OF MENTAL HEALTH
                                    AND HYGIENE, and THE NEW YORK CITY
                                    DEPARTMENT OF CORRECTION
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2324
                                    bmyrvold@law.nyc.gov

                            By:_____
                                    Barry Myrvold

cc:    Andrea Borden         By Email
       Burns & Harris
       *Attorney for Plaintiff*
       aborden@burnsharris.com

       Austa Devlin          By Email
       Heidell, Pittoni, Murphy & Bach, LLP
       *Attorney for Defendant* NYCHHC
       adevlin@hpmb.com